# WALLACK v STATE OF FLORIDA
## Case No. 87-047 AC (County Court Case No. 86-69330)
Eleventh Judicial Circuit, Appellate Division, Dade County

September 18, 1987

### APPEARANCES OF COUNSEL

**Mel Black** for appellant.

**Robert Butterworth,** Attorney General, for appellee.

Before HENDERSON, SHAPIRO, DONNER, JJ.

### OPINION OF THE COURT

DONNER, Judge.

The facts in this case show that the dispute which took place between the police officer and the Appellant does not rise to the level of disorderly conduct. The Supreme Court has limited the definition of disorderly conduct to include only "words which by their very utterance . . . inflect injury or tend to incite an immediate breach of peace", *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572, 62 S. Ct. 766.

The defendant here merely used an expletive, which the police officer admitted was not even directed at him. His conduct, in trying to turn on his car to prevent the wrecker from damaging the car's unique chassis upon towing, does not rise to the level of obstructing a police officer in his line of duty. Clearly here the police officer became embroiled in a mere controversy between himself and the Appellant wherein the police officer decided to arrest the Appellant only immediately after the Appellant requested the police officer's name and badge number.

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers, *Houston, Texas v. Hill,* No. 86-243, but it "is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantial evil that rises far above public inconvenience, annoyance or unrest." *Terminiello v. Chicago,* 377 U.S. 1, 4 (1949).

The Court therefore reverses and remands this case to the County Court for further consideration consistent with this opinion.

SHAPIRO, J., DISSENTS.